FRANCIS CHAMBERS et al., Appellants, v. GUY EVERETT et al.,
Appellees.

SCHOOLS AND SCHOOL DISTRICTS: Tuition of Nonresident Pupils.
A school corporation which furnishes an approved four-year high-
school course of study may legally demand from nonresident pupils
a tuition in excess of that which the corporation may legally charge
against the school corporation of which the nonresident pupil is
a resident. (Sec. 2804, Code, 1897; Sec. 2733-1a, Code Suppl. Supp.,
1915; Ch. 156, 37 G. A.)

*Appeal from Harrison District Court.*—GEORGE W. CULLISON,
Judge.

MARCH 15, 1921.

ACTION in the name of Francis Chambers, father and next
friend of his minor children, Mabel and Florence Chambers,
against the members of the school board of the Independent
School District of Missouri Valley and L. F. Smylie, superin-
tendent of said schools, to enjoin the collection of tuition for the
attendance of said minors at the high school in said district.
The court dismissed the petition, and plaintiffs appeal.—*Af-
firmed.*

*C. W. Kellogg,* for appellants.

*J. S. Dewell,* for appellees.

STEVENS, J.—The facts are stipulated. Mabel and Florence
Chambers reside with their father in Calhoun Township, Harri-
son County, Iowa. Calhoun Township is a school corporation
maintaining separate and distinct school districts, but does not
provide a four-year or other high-school course. Mabel and
Florence Chambers entered the high school at Missouri Valley,
which is an approved high school, by permission of the defend-
ants, in the fall of 1920, but were charged a tuition of $7.00

each per month, which they are paying under protest. The average cost or tuition of each resident pupil attending the Missouri Valley high school is equal to or greater than $15 per month. All nonresident pupils attending said high school are charged and required to pay a tuition of $7.00 per month, in addition to the $8.00 per month which the school corporation in which they reside is required to pay to the said independent school district of Missouri Valley.

The sole question for decision is: May a school corporation having an approved high school, providing a four-year course of study, legally charge and collect from nonresident pupils admitted thereto a tuition in excess of that which may be charged by said school corporation and collected from the school corporation of which such pupils are residents?

Chapter 156, Acts of the Thirty-seventh General Assembly, which repealed Section 2733-1a of the Supplemental Supplement to the Code, 1915, provides for the admission and attendance of nonresident pupils at any high school that will receive them. This act, as amended by Chapter 72, Acts of the Thirty-eighth General Assembly, provides as follows:

"The school corporation in which such student resides shall pay to the secretary of the corporation in which such student shall be permitted to enter a tuition fee *not to exceed eight* dollars (*$8.00*) per month, but in districts in which there is a city of the first class a tuition fee of *eight* dollars (*$8.00*) per month may be charged, in the high-school department in the latter corporation during the time he so attends, not exceeding, however, a total period of four school years; provided that such tuition shall in no case exceed the average cost of said tuition in such high school; such payment to be made out of the teachers' fund and the contingent fund or out of the general fund of the debtor corporation and such tuition fee as collected by the secretary shall be turned over by him with an itemized statement, to the treasurer of the school funds on or before February fifteenth and June fifteenth of each year."

This act, as amended by Chapter 72, Acts of the Thirty-eighth General Assembly, places a limitation upon the tuition which a school corporation having a high school may charge another school corporation not having a high school offering a

four-year course for pupils resident within the latter corporation, but attending such high school. It is the theory of counsel for appellants that Chapter 156, Acts of the Thirty-seventh General Assembly, as amended, not only limits the tuition which a school corporation having a high school may legally charge another school corporation for pupils residing therein and attending such high school, but also prohibits such school corporation from charging or collecting any additional sum from the parents, pupils, or any other person. It is agreed by counsel that the total average cost per resident pupil attending the high school at Missouri Valley is equal to or greater than $15 per month; so that, if appellants' construction of Chapter 156, as amended, is correct, then nonresident pupils may obtain the advantage of said high school at a cost of approximately one half of the expense of the tuition required of resident pupils. We think it manifest that the legislature did not intend that such result should follow this enactment. The defendant board of directors cannot be compelled to admit plaintiffs to its high school, and doubtless would not do so, unless authorized to demand the payment of tuition equal to the average expense of resident pupils attending such high school.

Section 2803 of the Code provides that "a child residing in one corporation may attend school in another in the same or adjoining county" by permission of the two boards of directors and the consent of the county superintendent, and in such case, "the board of the district of the child's residence * * * shall pay to the other district the average tuition per week and an average proportion of contingent expenses for the school or room thereof in which such child attends."

It will also be observed that Chapter 156, supra, also provides that the tuition charged against the district of the child's residence shall in no case exceed the average cost of tuition in the high school attended, and in no event shall same exceed $8.00 per month. Section 2804 of the Code authorizes nonresident children and children temporarily sojourning in any school corporation to attend school therein, upon such terms as the board may determine. The tuition charged all nonresident pupils attending the Missouri Valley High School is $15 per month. From this is deducted $8.00 per month, the amount which the

district township of Calhoun must pay to the independent school district of Missouri Valley for each resident pupil attending said high school. We think that Section 2804 of the Code is applicable, and that Chapter 156, Acts of the Thirty-seventh General Assembly, as amended by Chapter 72, Acts of the Thirty-eighth General Assembly, does not limit the power or authority of a school corporation to charge nonresident pupils attending its high school a sum in addition to $8.00 per month as tuition.

It may be assumed that, as school boards have the authority to refuse the admission of nonresident pupils to approved high schools in their respective districts, they would ordinarily deny all pupils admission thereto, unless a sum sufficient, when added to the $8.00 per month to be paid by the school corporation of which such pupil is a resident, to make the full tuition substantially equal to the average cost per resident pupil, is paid. Just how the legislature in the first place arrived at the amount to be paid, we are not informed, but we find nothing in the act to indicate that it was the intention of the legislature to prohibit school boards from charging nonresident pupils an additional tuition. It is our conclusion that the judgment of the court below should be, and it is,—*Affirmed.*

EVANS, C. J., ARTHUR and FAVILLE, JJ., concur.